IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

OTTO VON VOLKMANN IV,

        Plaintiff,

    v.

LIBERTY UNIVERSITY,

        Defendant.

Case No. 3:26-cv-00969-AB

OPINION & ORDER

**BAGGIO, District Judge:**

Plaintiff Otto von Volkman IV brings this case against Defendant Liberty University. Plaintiff asserts two claims for relief: (1) violation of statutory civil rights under 20 U.S.C. § 1087tt, and (2) civil RICO under 18 U.S.C. § 1962. Compl. 7, ECF No. 1. Plaintiff moves for a temporary restraining order ("TRO"). Pl.'s Mot. TRO, ECF No. 3. For the following reasons, the Court denies Plaintiff's Motion for Temporary Restraining Order.

///

1 – OPINION & ORDER

**BACKGROUND**

Plaintiff is an admitted student in Defendant's three-year Doctor of Education degree program. Compl. 4. Plaintiff intends to reside in King County, Washington during his studies. Pl.'s Mot. TRO 1. Plaintiff's housing costs in King County, Washington average to about $2,202 per month. Compl. 5. In contrast, Defendant's standard housing allowance is $919 per month. *Id.* Because of the regional housing disparity, Plaintiff, pursuant to 20 U.S.C. § 1087tt, "formally requested a Professional Judgment assessment to adjust his Cost of Attendance . . . for the Summer 2026 term . . . ." *Id.* Plaintiff alleges that Defendant is required "to conduct case-by-case reviews of the Cost of Attendance including all statutory expense categories." *Id.* Plaintiff alleges, however, that Defendant's "software-based [Professional Judgment] assessment process excludes the largest expense categories of Housing, Food, and Transportation, which vary on a regional basis and by the circumstances of individual students." *Id.*; *see also* Pl.'s Mot. TRO 3 ("Defendant's implementation of the Ellucian SSB software module restricts Professional Judgment adjustments to four narrow categories: dependent expenses, disability expenses, professional license expenses, and disaster relief. Housing, Food, and Transportation . . . are categorically excluded."). As a result, Plaintiff alleges that Defendant is in violation of 20 U.S.C. § 1087tt. Compl. 5.

Plaintiff separately alleges that "Defendant's employees and associates have conducted or participated in a pattern of racketeering activity[,]" including through wire fraud, obstruction of legal process, and extortion. *Id.* at 6–7. Plaintiff alleges that Defendant's conduct has caused "financial and reputational injury to [Plaintiff]." *Id.* at 7; *see also id.* ("Defendant's continuing failure to administer financial aid per statute may result in irreparable financial, reputational, and

career harm, altering the Plaintiff's educational and career trajectory."). As a result, Plaintiff brings a claim under 18 U.S.C. § 1962.

## STANDARDS

Federal Rule of Civil Procedure 65 authorizes courts to issue TROs. Fed. R. Civ. P. 65(b). The purpose of a TRO is to preserve the status quo before a preliminary injunction hearing is held. *W. Watersheds Project v. Bernhardt*, 391 F. Supp. 3d 1002, 1008–09 (D. Or. 2019). The legal standards applicable to TROs and preliminary injunctions are "substantially identical . . . ." *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). The standard for a preliminary injunction is a high one: it "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "The basis of injunctive relief in the federal courts is irreparable harm and inadequacy of legal remedies." *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980). To obtain a preliminary injunction, the plaintiff must show that: (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20.

## DISCUSSION

Plaintiff moves for a TRO "to prevent irreparable harm arising from [Defendant's] statutory noncompliance with the Higher Education Act . . . , 20 U.S.C. § 1087tt, and its bad-faith administration of federal financial aid." Pl.'s Mot. TRO 1. Defendant responds, in relevant part, that Plaintiff cannot demonstrate he is likely to succeed on the merits of his § 1087tt claim

3 – OPINION & ORDER

because § 1087tt is not a cognizable cause of action. Def.'s Resp. Pl.'s Mot. TRO 4.[1] The Court agrees with Defendant that Plaintiff does not demonstrate he is likely to succeed on the merits of his § 1087tt claim—one of the four essential requirements of a TRO. Accordingly, the Court denies Plaintiff's Motion for TRO.

Plaintiff argues that he is likely to succeed on the merits of his § 1087tt claim because Defendant categorically excludes various cost of attendance components in its professional judgment review, including housing, food, and transportation. Pl.'s Mot. TRO 2–3. The Ninth Circuit, however, has held that "[t]here is no express right of action under the [Higher Education Act] except for suits brought by or against the Secretary of Education." *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *see also Holmes v. United States Veterans Initiative*, No. 20-55617, 2022 WL 4115496, at *1 (9th Cir. Sept. 9, 2022) ("The district court properly granted summary judgment on Holmes' claims under Title IV of the Higher Education Act, because such claims must be brought by or against the Secretary of Education."). Here, because Defendant is not the Secretary of Education, the Court finds that Plaintiff cannot demonstrate he is likely to succeed on his § 1087tt claim; Plaintiff presents no cognizable cause of action.

///

///

///

///

---

[1] On May 18, 2026, Defendant provided to the Court via email its Response to Plaintiff's Motion for TRO. Defendant's Response is attached as Exhibit 1 to this Opinion & Order. Because Defendant's Response lacks page numbers, the Court refers to the PDF page number in its citations.

4 – OPINION & ORDER

**CONCLUSION**

Because Plaintiff has not shown he is likely to succeed on the merits of his 20 U.S.C. § 1087tt claim, one of the four essential requirements of a TRO, the Court DENIES Plaintiff's Motion for Temporary Restraining Order [3].

IT IS SO ORDERED.

DATED this __18th__ day of May, 2026.

AMY M. BAGGIO
United States District Judge

5 – OPINION & ORDER